UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| DR. KEITH F. BELL | § | |
| Plaintiff Pro Se, | § | Case No. 23-v-3008 (JMB/JFD) |
| vs. | § | |
| | | JURY TRIAL DEMANDED |
| SHOW-RITE FEEDS | § | |
| Defendant | § | |
| | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST AMENDED ANSWER
AND AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
TO PLAINTIFF'S ORIGINAL COMPLAINT [DE 14]**

**INTRODUCTION**

Plaintiff, Dr. Keith F. Bell ("Plaintiff," "Dr. Bell," "My," "I," "Mine," "he," "his," or "Me,") in response to DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S ORIGINAL COMPLAINT [DE 14] ("Answer") respectfully alleges that each allegation of the Answer [DE 14] not specifically admitted, be denied and strict proof of the same is demanded. Further, to the extent a response is required herein to Defendant's Answer and to the extent that Defendant's Answer contains any allegations of wrongdoing by Plaintiff; Plaintiff denies same in full and demands strict and absolute proof thereof.

1

## NATURE OF THE ACTION

1. This is an to action for copyright infringement and for declaratory and injunctive relief arising from the unauthorized copying, distribution, and display of Plaintiffs' copyrighted works. Furthermore, Plaintiff believes this matter is about Defendant's use of Plaintiff's copyrighted works *Winning Isn't Normal* and WIN in order to increase the sales of its products. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth.

## THE PARTIES

2. Show-rite, whose business address is 111 West Cherry Street, Suite 500, Mankato, Minnesota 56001. On information and belief, Ridley is a subsidiary of Alltech, which has corporate headquarters in Nicholasville, Kentucky and apparently no locations in Minnesota. On information and belief, Alltech acquired Ridley USA Inc. in 2015.

3. Dr. Bell is an individual residing at 3101 Mistyglen Circle, Austin, Texas 78746.

## JURISDICTION AND VENUE

4. Dr. Bell believes this Court may have subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 2201, or 28 U.S.C. § 1391(b)(1)(2) this being an action for declaratory relief in which an actual controversy exists between the parties and that his Court further may have subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this Counterclaim involves a federal question, namely, an adjudication of Defendant's violation of Plaintiff's rights. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth.

5. Placeholder

6. Placeholder

**FACTUAL BACKGROUND**

7. Partially True. Plaintiff admits Plaintiff filed a claim against Defendant but rejects No. 7 as Defendant has misquoted Dr. Bell in reference to "Excerpt." The misquote significantly alters the meaning of "excerpt" from the meaning of "Excerpt." Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

8. Partially True. Plaintiff admits Defendant has filed said pleadings and denied liability. However, Plaintiff denies that Defendant has no liability. Defendant is liable for its posts on social media, Defendant's failures to remove infringing Internet posts timely, Defendant's 11/30/23 copying, distribution, and display of Plaintiff's Intellectual property ("IP") without authorization, [Exhibit 4. DE14]. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

9. Deny. See Response to: #7.

10. Deny. See Response to: #7.

11. Deny. Dr. Bell rejects Defendant's allegations as the case(s) Defendant references were decided on matters related only to school districts and therefore irrelevant as Defendant is not a non-profit entity (school district) and Defendant's uses of Plaintiff's work were clearly commercial. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

12. Deny. See No. 11. Additionally, by definition Dr. Bell is not a troll. Said allegation is, among other things, libelous, defamatory and inflammatory; impugns my reputation, and interferes with my relationships with my kith and kin. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

13. Admit.

14. Cannot Admit or Deny. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

15. Cannot Admit or Deny. See Response No. 7.

16. Admit.

17. Cannot Admit or Deny. See Responses to: Nos. 7, 11.

18. Cannot Admit or Deny. Plaintiff believes there is no possible relevance in the allegations set forth. Furthermore, Plaintiff believes said allegations are merely presented to distract from the matter at hand and to create undue burden on Plaintiff. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

19. Cannot Admit or Deny. See Response to Nos. 7 and 18. Moreover, Plaintiff rejects Defendant's allegations as Defendant is not a news agency and has used Dr. Bell's copyrighted works commercially. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations seßt forth and therefore denies same

20. Deny. See Nos. #7, 18, and 19. Plaintiff additionally rejects the allegations set forth as, among other things, the findings in the Magna Times are not relevant in Defendant's commercial lawsuit. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth, and therefore denies same.

21. Cannot Admit or Deny. See Nos. 7 and 18.

22. Cannot Admit or Deny. See Nos. 7, and 18.

23. Cannot Admit or Deny. See Nos. 7 and 18. Moreover, Defendant's commercial and repeated uses of my IP cannot be fair use and Defendant knew or should have known that they could not.

24.     Cannot Admit or Deny. Plaintiff cannot admit or deny Defendant's interactions with the USCO. Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

25.     Admit and Deny. Plaintiff admits the Registration Certificate identifies the title of the work as "Winning Isn't Normal" and identifies a larger work with the same title. Plaintiff further asserts that TX 8-503-571 was registered as an abridgement from a compilation, and on information and belief the text of Dr. Bell's IPs are not excluded from a copyright registration for an abridgment. Additionally, See Response to No. 18. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth and therefore denies same.

26.     Admit and Deny.  Plaintiff admits the Registration Certificate identifies "text" created by the author Keith Bell. The "text" was created by Plaintiff. Furthermore, Defendant's statement set forth herein is Defendant's admission that Plaintiff is the author of the work in question yet, to this date, Defendants have not made any request to Dr. Bell to use my work in any way shape or form. Plaintiff denies as per Nos. 18 and 25. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth and therefore denies same.

27.     Admit and Deny.  Plaintiff admits that the Registration Certificate on its face states that "text" from the '644 Registration is excluded from the '571 Registration. Plaintiff denies as per Nos. 18, 25, and 26. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

28.     Deny. See Response No. 7 and 18. Defendant's Exhibit 4 is an exact copy of Defendant's 11/30/23 post on social media and adds nothing else.  It is non-transformative and

5

commercial. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

29. Deny. See Nos. 7, 18, and 25.

30. Deny. See Response to No. 7. Additionally, Plaintiff rejects Defendant's false logic in concluding the Registration is false and Defendant's assumption that Defendant knows what I was thinking, my motives, purposes, intentions and the like are inappropriate. Among other things Defendant had and has no access to what I know or did not know, what my intentions, etc. are or were. Moreover, Plaintiff had neither false nor fraudulent intentions upon registering for the TX8-503-571 Copyright. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth and therefore denies same.

31. Deny. See Nos. 18 and 25. Additionally, Plaintiff had and has every reason to believe his Copyright is valid upon receipt of approval and issuance of a registration from the United States Copyright Office (USCO). Further, the USCO approval an issuance of the Copyright for the work was prior to Defendant's unauthorized, commercial uses. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

32. Deny. See Response to Nos. 7, 25, 30 and 31.

33. Deny. See Response to Nos. 30 and 31.

34. Deny. See Response Nos. 7, 18, 30, and 31.

35. Deny. See Response Nos. 18, 23, 29, 30 and 31.

36. Deny. See Response Nos. 7, 18, 30 and 31.

## COUNT ONE
### Declaratory Judgment:
### Invalid Copyright in the '571 Registration
### 17 U.S.C. §§ 101,103; 37 C.F.R. § 2-1/8(4)(vii)

37.  Transitional phrase. No response

38.  Admit and Deny. While Defendant's statement re: the exact additions/changes may be correct, see Responses to Nos. 7, 18, and 25.

39.  Deny. See Nos. 7, 18, 25, 30, 31.  Moreover, Defendant continues to ignore that TX 8-503-571 was registered as an abridgement from a compilation, that the USCO granted this registration, and neither Defendant or anyone else challenged this registration when USCO was originally open to challenges. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth and therefore denies same.

40.  Deny. See Nos. 25, 30, and 31. (25-Abridgement, Believed Valid, No Fraud)

41.  Deny. See Nos. 25, 30, and 31.

42.  Deny. See Nos. 7, 25, 30, and 31.

43.  Deny. See Nos. 25, 30, and 31. Plaintiff's authorship is highly creative and contains my authorship.

44.  Deny. See Nos. 25, 30, 31 and 43.

45.  Deny. See Nos. 7, 25, 30, and 31.

46.  Deny. See Nos. 25, 30, and 31.

47.  Deny. See Nos. 25, 30, and 31.

48.  Deny. See Nos. 25, 30, and 31.

49.  Deny. See Nos. 7, 18, 25, 30, and 31.

50.  Deny. Plaintiff rejects for all previous reasons.

## COUNT TWO
**Injunctive Relief**

51. Transitional phrase. No response

52. Deny. Plaintiff rejects the assertion that Ridley will be caused immediate and irreparable harm. Any harm to Ridley is due to Ridley's own actions.

53. Deny. See Nos. 25, 30, 31 and 39.

54. Deny. See Nos. 25, 30, 31 and 39.

55. Deny. See Nos. 25, 30, 31 and 39.

56. Deny. See Nos. 25, 30, 31 and 39.

57. Deny. See Nos. 25, 30, 31 and 39.

**AFFIRMATIVE DEFENSES**

In response to Defendant's Counterclaim, without admission as to the burden of proof or as to any of the averments in the Counterclaim and without prejudice to the Plaintiff's right to plead additional defenses Plaintiff asserts the following affirmative defenses:

**FIRST DEFENSE**

Plaintiff states that Defendant's counterclaim should be denied under the Safe Harbor provision of Federal law 17 U.S.C. § 411(b) which allows for "non-material, non-fraudulent mistakes (of law or fact) in copyright registration which indicates the district court does not have to check with the Copyright Office where there are no issues of fraud or material defect"[1] and 37 C.F.R. 202.3(c)(3)(iii) which states that the information provided within the application is correct to the best of the certifying party's knowledge. Plaintiff's TX 8-503-571 Copyright was applied for in good faith, as a self-published author with intent to register the heart of his work as an abridgement to his already Copyrighted compilation.

---

[1] https://www.supremecourt.gov/opinions/21pdf/20-915_pol1.pdf

## SECOND DEFENSE

Plaintiff states that Defendant's conduct alleged in the Complaint and herein does not constitute Fair Use 17 U.S.C. § 107.  None of the four factors apply to Defendant's commercial use of Plaintiff's intellectual property as: 1) It is non-transformative and commercial; 2) it is targeted to the same market as Dr. Bell's use; 3) Defendant's taking was 100% of Dr. Bell's work and added nothing; and 4) Defendant profited from the use of Plaintiff's works without authorization and without paying for what Defendant took.

## THIRD DEFENSE

Plaintiff states that Defendant's claims are barred, in whole or part, under the doctrine of unclean hands.

## FOURTH DEFENSE

Plaintiff relies upon all defenses available under 17 U.S.C. § 101, et. Seq. as a complete or partial defense to the claims asserted by Defendant in the Counterclaim.

## PRAYER

Plaintiff seeks:

1. Defendant's ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT be denied in its entirety.
2. Defendant's Counterclaim be denied in its entirety.
3. That the Court deny all relief sought by Defendant with prejudice.
4. A judgment of defendant's commercial infringements.
5. Statutory damages based on willful copyright infringement, as per calculations consistent with Dr. Bell's amounts per permissible use

6. A judgment of Defendant's violation of the Digital Millennium Copyright Act Copyright Management Information 17 U.S.C. § 1202(c).

7. Payment commensurate with Ridley/Alltech's ability to pay.

8. That the Court deny with prejudice all relief sought by Defendant.

9. Should Plaintiff hire an attorney that the Court award Plaintiff Plaintiff's attorney attorneys' fees and costs.

10. That the Court sanction Defendant and Defendant's attorneys for their bad behavior and unclean hands.

11. A declarative judgment in Plaintiff's favor.

12. And any other relief the Court deems fair.

Date: January 31, 2024

Respectfully submitted,

*Keith Bell*

Dr. Keith F. Bell, Pro Se
3101 Mistyglen Circle
Austin, Texas 78746
512 327-2260
drkeithbell@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2024, I served the foregoing document via e-mail to Amy Berge, Counsel for the Defendant, aberge@grayice.com.

*Keith Bell*
Keith F. Bell, Pro Se