UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dr. Keith F. Bell, | Case No. 23-cv-3008 (JMB/JFD) |
| Plaintiff-Counter Defendant, | |
| v. | **ORDER FOR SETTLEMENT CONFERENCE** |
| Show-Rite Feeds, | |
| Defendant-Counter Claimant. | |

Magistrate Judge John F. Docherty will hold a settlement conference on **December 18, 2024, at 9:00 a.m. in Courtroom 6A**, 316 Robert St. N., St. Paul, MN 55101. All participants should plan on spending the entire day and evening, if necessary, at this settlement conference. Magistrate Judge Docherty does not take meal breaks during settlement conferences. Some limited refrigeration space is available for attendees who bring food with them.

1. **WHO MUST ATTEND**

Counsel who <u>will actually try the case</u> and <u>each party, armed with full settlement authority</u>, shall be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit or "cap" on his or her authority, this requirement is not satisfied.

Attendees at the settlement conference must negotiate in good faith. Refusing to negotiate at all or taking extreme negotiating positions that the party taking the

position knows will cause a breakdown in negotiations are two examples, among many possibilities, of parties not negotiating in good faith. Refusing to negotiate in good faith is sanctionable at the Court's discretion. *See* Fed. R. Civ. P. 16(f). If a party is aware of a serious impediment to settlement, that must be discussed with the Court at the status conference described below rather than being announced for the first time at the settlement conference. The parties are reminded that Local Rule 16.5(b) mandates a settlement conference with a magistrate judge in all civil cases in this district, except in a limited number of proceedings listed in Fed. R. Civ. P. 26(a)(1)(B) or where the parties have made arrangements for a private mediation.

If individuals are parties to this case, they must be present in person. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present in person. If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement conference.

2. **PREPARATIONS FOR THE SETTLEMENT CONFERENCE**

   a. **Meetings Ahead of the Settlement Conference**

The Court will conduct a status conference, by Zoom (audio-only), in this matter on **November 15, 2024** at **9:00 a.m.,** to discuss the parties' progress in their settlement negotiations and whether the Court can be of assistance to the parties' efforts in such a way that might obviate the need for the scheduled settlement conference. Magistrate Judge Docherty's chambers will provide Zoom instructions prior to the call. Counsel must meet and confer on these topics in advance of the call

and must submit a joint update letter no later than **November 1, 2024.** Counsel should email their joint update letter to chambers at docherty_chambers@mnd.uscourts.gov**.** The letter should include the names and telephone numbers of those who will participate in the call. At the conclusion of the status call, if necessary, the parties and the Court will confer about the logistics for the settlement conference.

Counsel must also speak directly with one another, either by telephone or in person, on or before **December 4, 2024,** to engage in a full and frank discussion of settlement. Prior to or during this meeting, the parties must exchange at least one round of a demand from the plaintiff and a specific offer from the defendant or defendants. This round of negotiations must not simply be a restatement of previous settlement positions, but must include the exchange of a new round of settlement proposals.

    **b.**    **Confidential Letters to the Court**

If the case does not settle prior to the settlement conference, counsel for each party shall email the Court on or before **December 11, 2024** a confidential letter of not more than ten (10) pages setting forth:

    (1) the parties' respective settlement positions before the meeting;

    (2) the parties' respective positions following the meeting;

    (3) a concise analysis of any remaining significant legal issues, including those affecting liability, with citation to relevant authority;

    (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations;

(5) a candid analysis of the strengths and weaknesses of their client's case;

(6) the name and position of the person who will attend the settlement conference with full authority to settle the case; and

(7) any additional information that will assist the parties in reaching agreement.

In general, **exhibits to the letters will not be accepted**. These letters are for the Court's use only and should not be served on opposing counsel. Counsel should email their confidential settlement letters to chambers at [docherty_chambers@mnd.uscourts.gov](mailto:docherty_chambers@mnd.uscourts.gov).

### 3. FAILURE TO COMPLY

Failure of any party or insurance company to comply with any part of this Order may result in the postponement of the settlement conference or imposition of an appropriate sanction on the party, company, or attorney who failed to comply, or both.

Date: March 25, 2024

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge