UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| DR. KEITH F. BELL | § | |
| Plaintiff Pro Se, | § | Case No. 223-v-3008 (JRT/JFD) |
| vs. | § | JURY TRIAL DEMANDED |
| SHOW-RITE FEEDS | § | |
| Defendant | § | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM
AND SANCTION DEFENDANT UNDER RULE 11**

Plaintiff, Dr. Keith F. Bell, pro se, respectfully requests the Court to Dismiss Defendant's Counterclaim, and apply sanctions based on the frivolous and harassing nature of Defendant's Counterclaim.

**NATURE OF THE ACTION**

This is an action for declaratory and injunctive relief in which Plaintiff is seeking dismissal of the Counterclaim submitted by Defendant, Show-rite Feeds; sanctions imposed on Defendant under Rule 11(b)(1)(2)(3)(4); judgment declaring Defendant's Counterclaim as frivolous and harassing; a judgment of no fair use; and a judgment of copyright infringement based on the following main points:

1. Defendant's claim has been filed against the wrong party,

2. Defendant's claim is presented to deflect from the matter at issue and for improper purpose of harassment,

1

3. Defendant is unable to satisfy their burden of proof,

4. Defendant comes with unclean hands,

5. Defendant has made an unforgivable number of misrepresentations of the facts.

## PARTIES

Show-rite Feeds is a corporation organized and doing business under the laws of the state of Minnesota and maintains a place of business at 111 West Cherry Street, Suite 500, Mankato, Minnesota 56001.

Dr. Keith F. Bell is a retired individual who resides at 3101 Mistyglen Circle, Austin, Texas 78746.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter with the appropriate venue in the District of Minnesota.

## BACKGROUND

Plaintiff, Keith F. Bell, explicitly forbids any use of his works on the Internet and any use without express written authorization. The only use Dr. Bell permits is by purchase of a copy of the works at the prevailing price multiplied by the number of copies made, disseminated, and displayed. With at least 5.3 billion persons/entities in the world having access to the internet the damage is incalculable.

On September 27, 2023, Plaintiff, Dr. Keith F. Bell, filed: Plaintiff's Original Complaint for copyright infringement of his Intellectual Property ("IP").

On November 9, 2023, Show-Rite, a corporation owned by Alltech, a multi-billion dollar Corporation, filed their Answer And Affirmative Defenses To Plaintiff's Original Complaint [Dkt.

2

No. 10] asserting ownership of Show-Rite Feeds; admission of Show-Rite's display of Plaintiff's Works on their social media accounts; and denial of liability.

On November 30, 2023 Defendant, filed its First Amended Answer and Affirmative Defenses, and Counterclaim to Plaintiff's Original Complaint. [Dkt. No. 14]

On May 5, 2024 Plaintiff files with supporting facts following: Plaintiff's Motion To Dismiss Defendant's Counterclaim And Sanction Defendant Under Rule 11.

**FACTS**

1. Minnesota Court Rules: Rule 9.02 Frivolous Litigation, Factors (b)(2) and (b)(3) support Plaintiff's Motion to Dismiss and imposition of sanctions.

2. Defendant knew or should have known prior to filing their counterclaim that it is unwarranted and without merit and would cause Plaintiff harassment, undue work and stress; and is likely to cause an excessive use of Plaintiff's and the Court's time.

3. Defendant's claim has been filed against the wrong party.

4. Defendant has frivolously filed their counterclaim against Plaintiff instead of with the United States Copyright Office ("USCO") and inappropriately requested of the Court: "a judicial declaration that the Copyright in the Excerpt as claimed in the '571 Registration is invalid, and that no further cause of action may be had thereupon in this Court or any other Court" [Dkt. No. 14. Prayer For Relief D]

5. Plaintiff's submissions to the USCO for Copyright were performed in good faith. [See attached: Exhibit 1 - Declaration of Dr. Keith F. Bell)

6. Defendant's claim is overly burdensome and presented for purpose of harassment.

7. Defendant is a multi-billion-dollar corporation with unlimited resources available by which to bombard Plaintiff with communications and lengthy filings that have nothing to do with the merits of the case.

3

8. Defendant's attempts to disparage Plaintiff's good reputation as well as Defendant's references to the number of times Plaintiff has filed claims for infringement of Plaintiff's IP appear to Plaintiff to be presented as distractions from the merits of the case, are irrelevant, and are harassing.

9. Defendant's Counterclaim has caused undue stress, is overly burdensome to Plaintiff, and is a waste of Plaintiff's and the Court's time.

**Defendant is unable to satisfy their burden of proof**

10. Defendant has alleged in their Counterclaim that with knowledge and intent Plaintiff attempted to defraud the USCO, allegations that are not only perjurious, but cannot be proven. Defendant could not possibly know Plaintiff's thoughts, or Plaintiff's intentions, and as such cannot provide evidence proving Plaintiff had insincere motives in registering Plaintiff's copyright: TX-0008503571 for the Passage.

11. Plaintiff believes Defendant, throughout their defense and counterclaim, used a character assassination strategy with assertions that Plaintiff has: "perpetrated a fraud" and was "intentionally omitting," "intentionally failing to disclose," and "intentionally misrepresenting" [Dkt. No. 14. 13th Defense, pgs.12-13.]; that Plaintiff "intentionally" [Dkt. No 14. ¶48], "knowingly" and for "improper purposes" [Dkt. No 14. ¶49], sought copyright registration TX-0008503571 for the Passage, in which Defendant misrepresents they are entitled to "judgment declaring the '571 Registration invalid and that the '571 Registration should be cancelled by the United States Copyright Office ["USCO"])." [Dkt. No 14. ¶50]

12. Plaintiff had no fraudulent intentions, [See Attached: Exhibit 1- Bell Declaration]. Moreover, such allegations are totally irrelevant to the matter at hand.

4

13. In 1989 Plaintiff registered copyright TX0002672644 for Plaintiff's book entitled: "Winning Isn't Normal" which Dr. Bell created in 1981.

14. The passage appearing on page 8 in the Introduction of the book (also titled Winning Isn't Normal ["WIN"]) is Plaintiff's original, creative expression of Plaintiff's philosophy of what he believes is the best approach to outperforming the competition in sports and all other endeavors in which success is desirable. It is not factual.

15. In 2010 Plaintiff began marketing WIN on posters, shirts, and other products through Plaintiff's websites sales pages, speaking engagements, swimming events, and more.

16. In addition to Dr. Bell's Copyright Management Information ("CMI") appearing directly below the WIN text, the CMI appear on posters, t-shirts and other WIN products offered for sale.

17. WIN is not only the heart of the book, but also the inspiration and basis upon which the book was built. [Dkt. No. 1. Exhibit 4. The Inception.]

18. In 2017 Plaintiff applied for copyright registration TX-0008503571 for WIN

19. Plaintiff had every reason to believe his copyright registration was valid, especially after receiving Copyright Registration TX-0008503571 from the USCO.

**Defendant comes with unclean hands.**

20. Defendant intentionally violated the Terms of Use for Copyright on their social media accounts.[1,2,3]

21. Defendant intentionally granted social media platforms[4]: "non-exclusive, royalty-free, transferable, sub-licensable, worldwide license to host, use, distribute, modify, run, copy, publicly perform or display, translate, and create derivative works of " Plaintiff's content.

---

[1] https://help.instagram.com/581066165581870 (See sections: "Your Commitments > How You Can't Use Instagram > ¶s: 2 & 7)
[2] https://help.instagram.com/535503073130320/?helpref=related_articles
[3] https://www.facebook.com/legal/terms (See: 3. "Your commitments to Facebook" > 2. What you can share . . . and 3. The Permissions you give us
[4] https://help.instagram.com/581066165581870 (See section: "Permissions You Give to Us." > "We do not claim ownership of your content but you give us a license to use it.")

22. Defendant's attorneys practiced law without a license by signing on to pleadings as "Counsel for Defendant" while their admissions to the Court were "pending." [Dkt. No. 10. Pg14.]

23. On information and belief, Defendant, with malice and forethought, instructed one of their agents to borrow Plaintiff's book from a library and illegally copied WIN from the obtained library book.

24. Although Plaintiff did not describe the WIN Passage as a "short excerpt," Defendant, in reference to Plaintiff's Passage, nonetheless incorrectly asserts that WIN is: "what Dr. Bell describes as a "short" excerpt from the book also titled *Winning Isn't Normal* (the "Excerpt") . . ." [Dkt. No. 14. P15. ¶7]

25. Defendant perjuriously added "short" to "Excerpt" more than 20 times throughout Defendant's counterclaim.

26. Without any legitimate excuse, Defendant refused to meet & confer on December1, 2023

**Defendant has made an inexcusable number of misrepresentations of the truth**

27. Defendant denies that: "the content posted on its Facebook and Instagram pages constitutes an exact replica of the Book (as defined in the Complaint), the WIN passage (as defined in the Complaint), or the excerpt that is attached as Exhibit 3 to the Complaint, that the Book and WIN was displayed to billions of persons in the world who had access to the Internet, that the sharing of such content by followers of Defendant's social media pages caused an ongoing downstream cascading effect of unauthorized distributions, and that the alleged conduct constituted infringement by Defendant." [DKT 14. Pg3. ¶3]

28. Defendant's infringing material is, in fact, nearly identical, and clearly substantially similar, to the entirety of WIN, parts of WIN or both. [See Dkt. No. 1. Exhibit Nos. 3, and 5-9]

29. By Defendant's posting Plaintiff's IP on social media, Plaintiff's copyrighted work is, in fact, displayed to the billions of persons in the world who have access to the Internet as acknowledged by "X" (previously known as Twitter and one of the most popular social media platforms) in its Terms of Service Tip: "What you say on the Twitter Services may be viewed all around the world instantly. You are what you Tweet!"[5]

30. Defendant's share button clearly contributes to ongoing cascade of unauthorized distributions[6] of a product without the profits serving Plaintiff.

31. Show-Rite had the option to turn off the "share" functionality of its social media accounts but did not.

32. Defendant denies harm to Plaintiff, though Defendant has given social media platforms carte blanche permission to use part or whole of Plaintiff's IP via what Plaintiff believes to violate criminal laws of impersonation, identity theft, Internet theft, theft or larceny, conspiracy, and more.

## DMCA Violation

33. Defendant has willfully violated the Digital Millennium Copyright Act Copyright Management Information ("CMI")

34. Defendant's infringing social media copies, disseminations, and displays of the Works, [Dkt. No. 14. Exhibit 4] were stripped of any notice of copyright, the author's name, surrounding literary text, or other information identifying the work or the author of the work.

35. The removed or altered information constitutes copyright management information ("CMI") under 17 USC § 1202(c).

---

[5] https://twitter.com/en/tos/previous/version_10 (See 1. Basic Terms. > Tip)

[6] www.winningisntnormal.com (see link to: "Partial list of Unauthorized Uses & Distributions" located at bottom of "Home" page and on "Copyright Notice" page)

36. Show-Rite Feeds distributed the Works and/or copies of the Works knowing that CMI had been removed or altered without authority of the copyright owner or the law. Defendant had reasonable grounds to know that the distribution would induce, enable, facilitate, or conceal an infringement of rights under the DMCA. Plaintiff believes these actions constitute a violation of 17 USC § 1202(b).

37. Dr. Bell is entitled to injunctive relief and may elect to exercise his entitlement to statutory damages under 17 USC § 1203(c)(2)-(3).

38. If Dr. Bell retains an attorney, Plaintiff is entitled to his attorney's fees and costs pursuant to 17 USC § 1203(b)(4)-(5).

## SUMMARY

Plaintiff respectfully requests the Court, for any and all of the aforementioned reasons, that Defendant's Counterclaim be dismissed as frivolous and harassing litigation, and the Court include sanctions, issue a judgment in favor of Plaintiff's Original Complaint, and grant relief for Plaintiff as requested below.

## PRAYER FOR RELIEF

Plaintiff respectfully requests relief from this Court as follows:

1. That Defendant's counterclaim and any requests be denied,
2. That the Court deny Defendant any future motions or discovery,
3. That sanctions be imposed on Defendant,
4. That the Court award Dr. Bell damages for the unauthorized use of his Copyrighted Works,
5. That Defendant and their counsel be held jointly and severally liable for any and all damages awarded to Plaintiff,

6. That the Court issue a judgment against Defendant for willful infringement of Dr. Bell's copyrighted Works,

7. That the Court award Dr. Bell for any attorney fees or costs associated with this Claim,

8. That the Court award Dr. Bell any other relief the Court deems appropriate and fair.

Date: May 6, 2024            Respectfully submitted,

*/s/ Keith Bell*

Dr. Keith F. Bell, pro se
3101 Mistyglen Circle
Austin, Texas 78746
512 327-2260 | drkeithbell@gmail.com

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was electronically filed through the Court's CM/ECF filing system, on this 6th day of May, 2024 which will provide a copy to Counsel for Defendant, Amy Berge (aberge@grayice.com) and other persons registered to receive service in this matter.

*/s/ Keith Bell*

Dr. Keith F. Bell, pro se