UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dr. Keith F. Bell, | Case No. 23-cv-3008 (JMB/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Show-Rite Feeds, | |
| Defendant. | |

This matter is before the Court on Defendant Show-Rite Feeds' Motion for Entry of Proposed ESI Protocol (Dkt. No. 29), Motion for Resolution of Disputes Regarding an ESI Protocol Including Preservation of Evidence (Dkt. No. 41), and Motion to Strike (Dkt. No. 32). For the reasons set forth below, the Court will deny without prejudice the first motion for an ESI protocol, grant the second motion for an ESI protocol, and grant the motion to strike.

**I.   Defendant Show-Rite Feeds' Motion to Strike**

Plaintiff Keith F. Bell is representing himself in this matter. He is suing Defendant Show-Rite Feeds for copyright infringement. (Compl. ¶ 1, Dkt. No. 1.) Defendant Show-Rite Feeds' formal corporate name is Ridley USA Inc. ("Ridley") (Am. Answer at 1, Dkt. No. 14), and the Court will refer to Defendant as "Ridley."

Dr. Bell alleges that Ridley posted copyrighted material from his book, *Winning Isn't Normal*, and an excerpt from that book, without his authorization, on the internet and social media sites. (Compl. ¶¶ 2–3, 23.) Dr. Bell claims copyrights both in the book

*Winning Isn't Normal* (U.S. Copyright Reg. No. TX 2-672-644) and in the excerpt (U.S. Copyright Reg. No. TX 8-503-571). He brings claims for copyright infringement under the Copyright Act and the Digital Millennium Copyright Act. (Compl. ¶¶ 29–50.)

In Ridley's Amended Answer to Dr. Bell's Complaint, Ridley also alleges a Counterclaim seeking to invalidate Dr. Bell's copyright in *Winning Isn't Normal* and for an injunction requiring Dr. Bell to seek voluntary cancelation of the '571 Registration by the U.S. Copyright Office. (Counterclaim ¶ 1, Dkt. No. 14 at 13.) Relevant here, Ridley alleges in paragraph 8 that it denied liability on all counts in its *original* answer and was filing the Amended Answer as a matter of right pursuant to Federal Rule of Civil Procedure 15. (*Id.* ¶ 8.) In paragraph 12, Ridley cites to a judicial decision in which the court compared Dr. Bell's frequent litigation behavior to that of a "copyright troll." (*See id.* ¶ 12 (citing *Bell v. Milwaukee Bd. of Sch. Dirs.*, Case No. 22-C-0227, slip op. at 22 (E.D. Wis. Dec. 21, 2022).)

Dr. Bell filed a response to the Amended Answer and Counterclaims. (Dkt. No. 28.) At issue here are paragraphs 8 and 12, which provide in full:

> 8. Partially True. Plaintiff admits Defendant has filed said pleadings and denied liability. However, Plaintiff denies that Defendant has no liability. Defendant is liable for its posts on social media, Defendant's failures to remove infringing Internet posts timely, Defendant's 11/30/23 copying, distribution, and display of Plaintiff's Intellectual property ("IP") without authorization[] [Exhibit 4. DE14]. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.
>
> . . .
>
> 12. Deny. See No. 11. Additionally, by definition Dr. Bell is not a troll. Said allegation is, among other things, libelous, defamatory and inflammatory;

2

impugns my reputation, and interferes with my relationships with my kith and kin. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth herein.

(Pl.'s Resp. ¶¶ 8, 12, Dkt. No. 28.)

Ridley now moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike the following two phrases from Dr. Bell's response:

- From paragraph 8, the phrase: "Defendant's 11/30/23 copying, distribution, and display of Plaintiff's Intellectual Property ('IP') without authorization[] [Exhibit 4, DE14]."

- From paragraph 12, the phrase: "Said allegation is, among other things, libelous, defamatory and inflammatory; impugns my reputation, and interferes with my relationships with my kith and kin."

(Mot. Strike at 1–2, Dkt. No. 32.) Ridley argues that these phrases are immaterial to any of the claims, counterclaims, defenses, or issues in this action.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Because the rule is stated in the permissive, . . . it has always been understood that the district court enjoys 'liberal discretion' thereunder." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citation omitted). Nevertheless, "[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).

***Paragraph 8***

With respect to the disputed phrase in paragraph 8, Ridley argues that Dr. Bell "appear[s] to assert additional inchoate claims of copyright infringement based on [Ridley's] inclusion of the deposit copy associated with the '571 Registration as an exhibit

3

to Ridley's Counterclaim." (Def.'s Mem. Supp. Mot. Strike at 3, Dkt. No. 33.) Dr. Bell largely agrees, explaining that the language is material to the case because "Defendant's posting of Exhibit 4" (Dkt. No. 14) "is a new infringement brought frivolously with unclean hands, filled with perjury, and intentionally filed against the wrong party." (Pl.'s Opp'n Mot. Strike at 1, Dkt. No. 49.)

The Court will strike the disputed phrase from paragraph 8. Dr. Bell's claims against Ridley are limited to those pleaded in the Complaint, and they do not include Ridley's reference to and attachment of copyrighted material in the Amended Answer and Counterclaim filed on November 30, 2023. Dr. Bell has not sought or obtained leave to amend his Complaint to add a claim of infringement for these actions. To avoid confusion over what Dr. Bell is actually claiming, the Court will exercise its discretion and strike the language "Defendant's 11/30/23 copying, distribution, and display of Plaintiff's Intellectual property ('IP') without authorization[] [Exhibit 4. DE14]" from paragraph 8.

*Paragraph 12*

The parties make essentially the same arguments about the disputed language in paragraph 12. Ridley argues that the references to libel, defamation, and their elements are immaterial to the claims, defenses, and counterclaims in the case, and muddle the actual claims. The Court agrees, though this is a closer call. In its Counterclaim, Ridley chose to quote language from a judicial decision that compared Dr. Bell's litigation behavior to that of a "copyright troll." Not surprisingly, Dr. Bell had a strong reaction to that language, and his answer to the allegations in that paragraph reflects that. In any event, his answer was responsive to Ridley's allegations; it was neither immaterial nor impertinent.

4

On the other hand, Dr. Bell has neither sought nor obtained permission to amend his Complaint to add a claim for libel or defamation. So that there is no confusion about the nature and scope of Dr. Bell's claims, the Court will exercise its discretion and strike from paragraph 12 the language "Said allegation is, among other things, libelous, defamatory and inflammatory; impugns my reputation, and interferes with my relationships with my kith and kin."

**II.     Ridley's Motions for an ESI Protocol**

Ridley filed its first motion for an ESI protocol (Dkt. No. 29) on February 14, 2024. The motion did not comply with D. Minn. LR 7.1 in several respects: (1) the parties had not completed a meaningful, pre-motion-filing exchange of views in satisfaction of the meet-and-confer requirement; and (2) Ridley did not file a supporting memorandum of law. Therefore, the Court ordered Ridley to file an updated meet-and-confer statement and a memorandum of law in support of the motion. Instead, Ridley filed a letter "in anticipation of withdrawing" the first motion for an ESI protocol and filing a new motion. (Letter at 1, Mar. 6, 2024, Dkt. No. 40.) Ridley never withdrew the first, deficient motion, however. As a housekeeping matter, the Court will deny without prejudice the motion filed on February 14, 2024, because it does not comply with LR 7.1 and because Ridley has filed a second motion for an ESI protocol (Dkt. No. 41) that supplants the first.

In Ridley's second motion for an ESI protocol, Ridley describes an urgent need to secure electronically stored evidence. Dr. Bell told Ridley's counsel on March 11, 2024 that his computer had "died" and that an Apple employee said he risked losing data if they tried to fix the computer. (Def.'s Ex. E at 2, Dkt. No. 42-5.) Dr. Bell later told Ridley's

5

counsel that his computer was working again, but not well. Ridley contends that the unreliability of Dr. Bell's computer is a strong reason for imaging and preserving the hard drive. According to Ridley, Dr. Bell's computer likely has ESI relevant to Ridley's statute-of-limitations defense that Dr. Bell became aware of the alleged copyright infringement more than three years before he filed the Complaint, and thus his claims are time-barred. Ridley is also concerned that responsive ESI metadata may be lost or corrupted if it is not collected by a professional ESI vendor and that any efforts by Dr. Bell personally to search for responsive ESI on his devices are unlikely to capture the full scope of discoverable ESI. Ridley has offered to pay the costs of forensic collection and preservation of ESI from the devices of Dr. Bell and other custodians. Ridley has also offered to allow Dr. Bell to select the forensic ESI collection vendor.

Dr. Bell responds that no ESI protocol is necessary and that any forensic collection from his or other custodians' devices would be an invasion of privacy and could risk losing or corrupting the ESI. He argues that Ridley's proposed protocol is overly broad and burdensome, but he does not explain how so, nor does he offer an alternative protocol.

The Court will grant Ridley's Motion for Resolution of Disputes Regarding an ESI Protocol Including Preservation of Evidence (Dkt. No. 41), and the proposed ESI protocol attached as Exhibit A to the motion (Dkt. No. 41-1) shall govern the discovery of ESI in this action. In light of the nature and potentially precarious state of the ESI to be collected and preserved, the Court finds there is good cause for an ESI protocol. The Court has reviewed the proposed ESI protocol and finds that it is not unduly broad or burdensome. The proposed protocol provides in relevant part that Ridley will bear the expense of

collection and that Dr. Bell can choose whether collection occurs in person or remotely. The proposed protocol also protects privileged information from disclosure. Significantly, Dr. Bell has not proposed any specific changes or presented a different protocol for the Court to consider. On balance, the Court finds good cause exists to approve the proposed ESI protocol.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Ridley's Motion for Entry of Proposed ESI Protocol (Dkt. No. 29) is **DENIED WITHOUT PREJUDICE**.

2. Ridley's Motion for Resolution of Disputes Regarding an ESI Protocol Including Preservation of Evidence (Dkt. No. 41) is **GRANTED**, and the proposed ESI Protocol attached as Exhibit A to the motion (Dkt. No. 41-1) shall govern the discovery of ESI in this action.

3. Ridley's Motion to Strike Pleading (Dkt. No. 32) is **GRANTED**.

Date: May 6, 2024                *s/ John F. Docherty*
                                 JOHN F. DOCHERTY
                                 United States Magistrate Judge